UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILBERT K.A. TURNER,<br><br>        Plaintiff,<br><br>    -against-<br><br>WARDEN M. LINCON-VITALE; AG WILLIAM BARR,<br><br>        Defendants. | 1:20-CV-5473 (LJL)<br><br>ORDER OF SERVICE |

LEWIS LIMAN, United States District Judge:

  Plaintiff, currently incarcerated in the federal Metropolitan Correctional Center, in New York, New York ("MCC New York"), brings this *pro se* action in which he seeks damages and his release into the custody of Immigration and Customs Enforcement ("ICE"). He sues MCC New York Warden M. Lincon-Vitale and United States Attorney General William Barr. The Court construes Plaintiff's complaint as asserting claims for damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and claims for *habeas corpus* relief under 28 U.S.C. § 2241. By order dated September 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

  For the reasons discussed below, the Court dismisses Plaintiff's claims against Attorney General Barr pursuant to Rule 21 of the Federal Rules of Civil Procedure. The Court directs service on Warden Lincon-Vitale.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### A. Attorney General Barr

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").

Plaintiff asserts claims for damages arising from the actions Warden Lincon-Vitale, but he does not assert any claims arising from the actions of Attorney General Barr. The Court therefore construes the complaint as asserting claims for damages against Warden Lincon-Vitale in her individual capacity under *Bivens*. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights. . . The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."). But because Plaintiff does not allege that he was injured by Attorney General Barr, the Court does not construe the complaint as asserting a *Bivens* claim against Attorney General Barr.

Plaintiff also asserts a claim in which he seeks his release into ICE custody. The Court construes that claim as one for *habeas corpus* relief under 28 U.S.C. § 2241, in which Plaintiff, a federal prisoner, challenges the execution of his sentence. *See Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A challenge to the *execution* of a [federal] sentence, however, is properly filed pursuant to Section 2241.") (emphasis in original). Warden Lincon-Vitale, as Plaintiff's immediate custodian, as opposed to Attorney General Barr, is the proper respondent for such a *habeas corpus* claim. *See Padilla v. Rumsfeld*, 542 U.S. 426, 435 (2004).

Accordingly, because Plaintiff asserts no claims in which Attorney General Barr is a proper party, the Court dismisses Plaintiff's claims against Attorney General Barr. Fed. R. Civ. P. 21.

**B.**     **Service on the Warden Lincon-Vitale**

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Warden Lincon-Vitale until the Court reviewed the complaint and ordered that a summons be issued for Warden Lincon-Vitale. The Court therefore extends the time to serve Warden Lincon-Vitale until 90 days after the date that a summons is issued for Warden Lincon-Vitale. If the complaint is not served on Warden Lincon-Vitale within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Warden Lincon-Vitale through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Warden Lincon-Vitale.  The Clerk of Court is also instructed

mark the box on the USM-285 form labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue a summons for Warden Lincon-Vitale, and to deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on Warden Lincon-Vitale. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Attorney General Barr. *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to (1) issue a summons for Warden Lincon-Vitale, (2) complete a USM-285 form with the service address for Warden Lincon-Vitale, (3) mark the box on the USM-285 form labeled "Check for service on U.S.A.," and (4) deliver all documents necessary to effect service on Warden Lincon-Vitale to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 17, 2020
         New York, New York

_____
LEWIS LIMAN
United States District Judge

4

**DEFENDANT AND SERVICE ADDRESS**

Warden M. Lincon-Vitale
Metropolitan Correctional Center
150 Park Row
New York, New York 10007