```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
WILBERT K.A. TURNER,                                             :
                                                                 :
                                Plaintiff,                       :
                                                                 :        20-cv-5473 (LJL)
                -v-                                              :
                                                                 :        ORDER
M. LINCON-VITALE & WILLIAM BARR,                                 :
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/2020

LEWIS J. LIMAN, United States District Judge:

Plaintiff Wilbert K.A. Turner ("Plaintiff" or "Turner") is an inmate at the Metropolitan Correctional Center ("MCC") in New York, New York. He brings this action seeking damages against M. Lincon-Vitale, Warden of the MCC (the "Warden"), and Attorney General William Barr ("Barr") in their "official" capacities, alleging that the Warden failed to follow written guidance from the Federal Bureau of Prisons and the Centers for Disease Control regarding the COVID-19 pandemic. Dkt. No. 2. The United States now moves to substitute the United States of America for the Warden and Barr and to dismiss the complaint based on Plaintiff's failure to exhaust administrative remedies under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Dkt. No. 12.

## THE ALLEGATIONS OF THE COMPLAINT

The Court construes liberally the allegations of the pro se complaint as well as the facts stated in Turner's opposition to the motion to dismiss, all of which the Court accepts as true for purposes of this motion. The Court eliminates reference to other inmates by their proper name for reasons of those inmates' medical privacy.

Turner is an inmate of the MCC in New York, New York where he has been detained since April 2018. Dkt. No. 15 at 1. He is housed in a dormitory room which is shared by 25 other inmates and is required to sleep next to five inmates who are less than six feet apart from him. *Id*. at 2. He alleges that a fellow inmate became ill on March 27, 2020, after which he was "put in a wheelchair after sleeping for three consecutive days" and "was not seen again until approximately thirty days later." Dkt. No. 2 at 4. After that inmate left, several other inmates began to display symptoms of COVID-19. *Id.* at 4-5. Turner suffered the following symptoms: "diarrhea, drowsiness, no smell, no appetite, and los[s] of weight 20 lbs." *Id.* at 5. Those symptoms caused him "mental anguish, anxiety, [and] sleepless nights." *Id.* On March 30, 2020, his temperature was 104.5 degrees Fahrenheit. *Id.* Two hours later, his temperature was 100.1 degrees, and he was prescribed acetaminophen without explanation. *Id.* He complains that the Warden failed to "comply with social distancing or ma[ke] mask[s] available. *Id.* at 6.[1] After the sick inmate returned, the MCC did not inform Plaintiff of the inmate's condition, "the area was not disinfected per CDC guidelines," and the inmate was "returned to population without a negative testing." *Id.* Turner "repeatedly requested testing verbally," to no avail. *Id.* The Warden only provided disinfectant during weekdays and not on weekends, with the result that "on weekends the bathroom now goes unclean[ed]." *Id.* "Some [of the guards] wear masks some don't." *Id.* He asserts that the Warden "fails to ensure my health safety." *Id.*

He received a test for COVID-19 on August 3, 2020, which came back positive on August 12, 2020. Dkt. No. 15, at 3. He was quarantined, forced to sleep on a concrete slab for four days because the MCC had no other space, and experienced shortness of breath. *Id.*

---

[1] In his brief in opposition to the motion to dismiss, the allegations of which are also taken as true, Turner complains that he asked to be tested and asked to be removed from the unit where he was housed, but that his requests were ignored. Dkt. No. 15 at 2.

Turner alleges he has several underlying conditions including an autoimmune disease, bladder cancer, heart disease (for which he wears a defibrillator) and asthma.  Dkt. No. 2 at 6.  He is scheduled to be released from the MCC at the end of this month to a detainer from the United States Immigration and Customs Enforcement ("ICE") and is not contesting his removal to Jamaica.  *Id.*

## DISCUSSION

As "sovereign," the United States is subject to suit only to the extent "it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Under the FTCA, "a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property 'resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'"  *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991) (quoting 28 U.S.C. § 2679(b)(1)).  Before a tort claim may be presented to a federal court, it must previously have been "presented to the appropriate administrative agency."  *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998).  "[T]he United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing."  *Id.* at 720.  Thus, the FTCA provides, *inter alia*, that:

> "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency.

28 U.S.C. § 2675(a).

3

If the claim has not previously been presented to the appropriate federal agency, the District Court lacks subject matter jurisdiction to entertain it. *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal court. This requirement is jurisdictional and cannot be waived"); *Millares Gurailedes*, 137 F.3d at 720-21 (same); *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983) (same); *Mil'chamot v. United States*, 2016 WL 10570933 (S.D.N.Y. Dec. 9, 2016) (same). "The burden is on the Plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1986); *Bonifacio v. United States*, 2020 WL 5801475, at *4 (S.D.N.Y. Sept. 28, 2020); *Vailette v. Lindsay*, 2014 WL 4101513, at *5 (E.D.N.Y. Aug. 18, 2014). "[T]his 'procedural hurdle applies equally to litigants with counsel and to those proceeding *pro se*.'" *Bonifacio*, 2020 WL 5801475, at *4 (quoting *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004)).

Section 2679 further provides that upon certification by the "Attorney General that the defendant employee was acting within the scope of his office or employment," the United States "shall be substituted as the party defendant," 28 U.S.C. § 2679(d)(1), and the "action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . ." *Id*. § (d)(2). In the absence of such certification, the court may certify that the United States be substituted for its employees upon a determination that they were acting within the scope of their employment. *See B&A Marine Co., Inc. v. Am. Foreign Shipping Co., Inc.*, 23 F.3d 709, 715-16 (2d Cir. 1994) (court may certify that the United States be substituted for its employees upon a ruling that the employees were acting within the scope of their employment in absence of certification of the Attorney General); *Vailette*, 2014 WL

4

4101513, at *4 ("A brief on behalf of named defendants is sufficient to certify that they were employees acting within the scope of their employment.").

The Court substitutes the United States as Defendant for Barr and the Warden. 28 U.S.C. § 2679(d)(3). Construing the allegations of the complaint generously for Plaintiff, it alleges conduct by Barr and the Warden within the scope of their employment. Indeed, the Government itself requests that it be substituted for Barr and Warden, Dkt. No. 13, at 4 n.2, and Plaintiff does not oppose such relief.

The Court also dismisses the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Complaint does not allege that Turner presented his claim to any Federal agency before commencing litigation and the Government has presented undisputed evidence in the form of declarations from a legal assistant at the MCC that Tucker did not present his claim to the Bureau of Prisons. *See Vailette*, 2014 WL 4101513, at *3 (court can consider declarations on motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)). Specifically, the declaration of Marc Peakes, legal assistant at the MCC, reflects that he has reviewed the Bureau of Prisons' computerized inmate management program, SENTRY, which contains a record of every grievance filed by any inmate throughout the agency. Dkt. No. 13-1. Although Turner has filed a total of 11 grievances while incarcerated at the MCC, including four grievances since January 1, 2020 (and one as recent as August 8, 2020), none of the grievances concern COVID-related conditions at the MCC or any of the events or conditions alleged in the Complaint. *Id.*; Dkt. No. 16-1 ¶ 6. Plaintiff does not dispute the accuracy of these records.

Plaintiff notes in his opposition that he did file an application for compassionate release pursuant to 18 U.S.C. § 3582, through counsel on April 20, 2020. Dkt. No. 15, at 2, 7. The

application was denied by the Bureau of Prisons by letter of May 11, 2020, which also informed Turner of his right to appeal administratively within the Bureau of Prisons. *Id.* at 8-9. Turner did not appeal. Dkt. No. 16-1. The application for compassionate release does not substitute for a FTCA claim presented to the appropriate Federal agency setting out the amount of money claimed and finally denied by the agency in writing. 28 U.S.C. § 2675. Moreover, Turner states that he is scheduled for release on December 25, 2020, and he does not appear to seek compassionate release.

The Court also notes that the FTCA does not apply to suits for violation of federal constitutional or statutory rights. 28 U.S.C. § 2679(b)(2). Leaving aside that Plaintiff has failed to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, the Complaint alleges that Plaintiff is suing the Warden and Barr in their official capacity and therefore the Court does not construe the Complaint as alleging a *Bivens* claim, which applies only to claims against officers in their individual capacities. Nonetheless, because this is a pro se complaint, and without expressing any view either as to whether exhaustion has been satisfied or excused as to a *Bivens* claim or whether Turner can state such a claim, the Court will dismiss the current complaint without prejudice and give Turner leave to replead within 60 days.

## CONCLUSION

Defendants' motion to substitute the United States for Barr and the Warden and to dismiss the complaint for lack of subject matter jurisdiction is GRANTED without prejudice. If Plaintiff does not file an amended complaint within 60 days of the date of this Order, the Court will close the case.

SO ORDERED.

Dated: December 21, 2020
      New York, New York

                                            LEWIS J. LIMAN
                                        United States District Judge

7